UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| VERNON R. McCARTY, | Case No. 4:07 CV 3120 |
| Petitioner, | Judge James S. Gwin |
| vs. | REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE (Regarding ECF #18) |
| J. R. SHARTLE, | |
| Respondent. | Magistrate Judge James S. Gallas |

Petitioner Vernon R. McCarty is a prisoner in federal custody at FCI Elkton who filed a petition for habeas corpus alleging jurisdiction under 28 U.S.C. §2241 complaining about deliberate indifference to medical needs and deliberate indifference to the sentencing order (See ECF #1). In his counseled petition he repeats the February 24, 1994 sentencing discourse that occurred in the Western District of Michigan over his medical needs and condition. Defense counsel raised the issue of McCarty's cardiological problems and the fact that there had not been a Thallium stress test. The court noted that McCarty had received a stress test but not a Thallium stress test. The prosecution brought out that the letter from the examining cardiologist stated there was no immediate difficulty for the patient but the prosecutor had no objection to a more thorough diagnostic test being arranged. The issue of McCarty's hernia was also raised and followed by the court's statement,

> I guess he should be examined for the hernia and whatever needs to be done should be done. So Mr. Redford through the Marshal's Service will see whether he needs further attention as far as the heart is concerned and get medical attention for the hernia." (Complaint, p. 4).

4:07 CV 3120                                                                    2

McCarty claims this discourse demonstrates that his Eighth Amendment rights have been violated by the failure to properly procure medical aid due to his prison placement currently at FCI Elkton. He first challenges continued incarceration due to alleged inability of the Bureau of Prisons to "settle" his medical conditions, and recites 18 U.S.C. §3621(b), which governs the Bureau of Prisons' medical considerations on prison placement.

Initially the undersigned had concern over what was perhaps apparent untreated cardiological impairment. Following several telephone conferences with respondent's representative, McCarty's counsel was able to procure McCarty's current medical records and filed a memorandum with respect to medical attention (ECF #14). In this memorandum McCarty complains of sore right shoulder and sore knee and states that on September 30, 2002 surgery was performed on his left knee at Divine Savior Health Care in Portage, Wisconsin while he was housed at the Wisconsin Federal Correctional Institute. He further states that in 2002 received a steroid injection in response to the diagnosis of right shoulder rotator cuff tendon osteoarthritis, and points out that Celebrex was recommended in August 2004 but not administered because it was not on the Bureau of Prisons' pharmaceutical formulary. There were also some gallbladder problems which McCarty "seems to have deferred the gallbladder surgery." With respect to the problems recited in the complaint of heart and hernia, McCarty provides no current information. Likewise McCarty states in this memorandum that in the sentencing transcript there is a referral to bleeding ulcers, but provides no current information.

4:07 CV 3120                                                                 3

*Failure to State Claim:*

McCarty's arguments present a challenge to the execution of his sentence which does fall within the ambit of 28 U.S.C. §2241 because thre is no demand for monetary relief. See *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991); compare *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (transfer to different prison facility for purposes of medical treatment accompanied by demand for civil damages fell under 42 U.S.C. §1983). Respondent argues that McCarty has been in federal custody since July 1994 (as indicated in the complaint) and his broad assertion that staff have failed to properly procure medical aid is not sufficient to proceed with this Eighth Amendment medical indifference claim. Respondent is correct.

> The Eighth Amendment forbids prison officials from 'unnecessary and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) . . . Prison officials' deliberate indifference violates these rights '[w]hen the indifference is manifested by . . . prison guards in intentionally denying or delaying access to medical care . . .' for a serious medical need.
>
> *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004).

The undersigned finds that applicable standards of review of respondent's motion are set out in Rule 4 of the Rules Governing §2254 Cases (as made applicable to §2241 cases through Rule 1(b)), whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief from the district court," and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. These standards are essentially identical.

4:07 CV 3120                                                        4

Under these rules the court must construe the complaint (i.e., habeas petition) in a light most favorable to plaintiff (i.e., petitioner) and accept all well-put allegations as true. See *Mixon v. Ohio*, 193 F.3d 389, 400 (6th Cir. 1999); *LRL Properties v. Portage Metro. Housing Authority*, 55 F.3d 1097, 1101 (6th Cir. 1995). Generally, motions to dismiss are not compatible with habeas corpus procedures. See *Browder v. Director, Dept. of Corr. of Ill.*, 434 U.S. 257, 269 n.14, 98 S.Ct. 556, 54 L.Ed.2d. 521 (1978) (*dictum*). However, Rule 11 of Rules Governing §2254 Cases and Fed. R. Civ. P. 81(a)(2) allow federal civil rule procedures in habeas cases, "to the extent that they are not inconsistent." See *White v. Lewis*, 874 F.2d 599, 602-03 (9th Cir. 1989); *Purdy v. Bennett*, 214 F.Supp.2d 348, 353 (S.D. N.Y. 2002). Since McCarty's claim does not concern the legality of his conviction, but the conditions of confinement, there is no incompatibility with Rule 12(b)(6).

As indicated by McCarty's memorandum (as liberally construed to supplement the petition) he has no current unmet medical needs that would constitute a reason for transfer to correct an on-going Eighth Amendment violation. His only complaint is over his unfilled prescription for Celebrex, but he has not alleged denial of alternative medication. In short, there is no current medical condition which has been untreated or treatment has been interfered with willfully and wantonly to meet the Eighth Amendment prison medical care standard set forth under *Estelle v. Gamble*. "A complaint should not be dismissed for failure to state a claim unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Haines v. Kerner*, 404 U.S. 519, 520-521, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972); *LRL Properties v.*

4:07 CV 3120                                                  5

*Portage Metro Housing Authority*, 55 F.3d 1097, 1103 (6th Cir. 1995). Further, a federal habeas petition may be dismissed if it appears from the face of the petition that the petitioner is not entitled to relief. See *Lonchar v. Thomas*, 517 U.S. 314, 320, 116 S.Ct. 1293, 134 L.Ed. 440 (1996).

While a *pro se* pleading is held to a less stringent standard (*Estelle*, 429 U.S. at 106) McCarty's petition is counseled. It and the supplemental memorandum do not allege intentional denial or delay of access to medical care for a serious medical need. Certainly a second stress test after one has been performed is not denial of medical care and McCarty has no specific allegation of neglect of his hernia. Accordingly, the motion to dismiss should be granted on this basis of no claim entitling McCarty to relief on the face of the petition.

*Failure to exhaust administrative remedies:*

Respondent argues that it is well settled that the failure to exhaust all stages of administrative remedy system is a proper basis for dismissal of the §2241 petition citing *Little v. Hopkins*, 638 F.2d 953, 953-54 (6th Cir. 1981). Respondent is absolutely correct. Although 28 U.S.C. §2241 contains no statutory exhaustion requirement, this requirement has nonetheless become implicit. See *Little, supra*; *Callwood v. Enos*, 230 F.3d 627, 634 (3rd Cir. 2000).

This leads to the question whether respondent's motion to dismiss is a motion for summary judgment or can be treated as such. Respondent does not request summary judgment but does include exhibits and affidavits so the court is confronted with a hybrid motion. Current Civil Rule

4:07 CV 3120                                                                                          6

12(d), as former Rule 12(b), provides that when matters outside the pleadings are presented, the motion must be treated as one for summary judgment under Rule 56. However, in this circuit the language of former Rule 12(b)(6), which is mirrored in current Rule 12(d), has been interpreted to require "unequivocal notice" of the conversion of the motion to dismiss to one for summary judgment. See *Ball v. Union Carbide Corp.*, 385 F.3d 713, 719 (6th Cir. 2004); *Helwig v. Vencor, Inc.*, 251 F.3d 540, 552-53 (6th Cir. 2001). That has not occurred in this matter, and consequently respondent's extraneous material cannot now be considered.

There is no requirement that exhaustion of administrative remedies be alleged in the petition under 28 U.S.C. §2241. Especially in light of the Supreme Court's decision in *Jones v. Bock*, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007), which struck down the Sixth Circuit's requirement for the complaint to recite exhaustion of administrative remedies in relation to the Prison Litigation Reform Act claims under 42 U.S.C. §1983. There is certainly no basis for finding deficiency in McCarty's petition --- for lack of recitation of administrative grievance procedures under Rule 4 of the Rules Governing §2254 Procedures and Rule 12(b)(6). Accordingly, respondent's motion to dismiss should *not* be granted on that basis.[1]

*Claims Under 18 U.S.C. §3621(b) and Compassionate Release:*

Pursuant to 18 U.S.C. §3621(b) the "Bureau [of Prisons] may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the

---

[1] McCarty has not opposed the fact that he has not exhausted administrative remedies, but this fact outside of the pleadings is a matter for Rule 56 summary judgment.

4:07 CV 3120                                                                 7

Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted that the Bureau determines to be appropriate and suitable . . ." The statute then requires the Bureau of Prisons to consider the facilities' resources, nature and circumstance of the offense, the history and characteristics of the prisoner and any statement by the court that imposed the sentence. However, as explained previously, McCarty's allegations fail to sustain his claim of Eighth Amendment violation due to indifference to medical needs. "As long as the conditions or degree confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause is not in itself subjected inmate's treatment by prison authorities to judicial oversight." *Montanye v. Haynes*, 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976), *Hewitt v. Helms*, 459 U.S. 460, 468, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). Moreover, McCarty has no liberty interest arising from the Due Process clause to any particular custody level or place of confinement. See *Olim v. Wakinekone*, 461 U.S. 238, 245-46, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983); *Hewitt*, 459 U.S. at 466-67; *Montayne*, 427 U.S. at 242.

Finally with respect to what could be construed as a claim for compassionate release, "a district court may not modify a defendant's federal sentence based on defendant's ill health, except upon a motion from the Director of the Bureau of Prisons. *See* 18 U.S.C. §3582." *Engle v. United States*, 26 Fed. Appx. 294, 2001 WL 1356205 (6th Cir. Oct. 25, 2001). McCarty's petition fails to sustain a claim for prison transfer or compassionate release. Again, there is no claim entitling McCarty to relief on the face of the petition.

## CONCLUSION AND RECOMMENDATION

Accordingly, McCarty's petition for habeas corpus relief under 28 U.S.C. §2241 based on allegations of denial of medical care or medical indifference should be dismissed for failure to state a claim on which relief can be granted and it "plainly appears" that he is not entitled to relief. It is recommended that respondent's motion to dismiss be granted under Rule 4 of the Rules Governing §2254 Cases and under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

s/James S. Gallas<br>
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of mailing of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

June 19, 2008